1  CHRISTOPHER J. YOST, Bar No. 150785
   FEDERAL EXPRESS CORPORATION
2  2601 Main Street
   Suite 1100
3  Irvine, California 92614
   Telephone: (949) 862-4558
4  Facsimile: (949) 862-4791
5
   KEITH A. JACOBY, Bar No. 150233
6  LITTLER MENDELSON
   A Professional Corporation
7  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
8  Telephone: (310) 553-0308
   Facsimile: (310) 553-5583
9
   Attorneys for Defendants
10 FEDERAL EXPRESS CORPORATION;
   FEDERAL EXPRESS CORPORATION,
11 D/B/A FEDEX EXPRESS; JOHN P.
   ROSELI; MICHAEL K. PIGORS; BRUCE
12 CHAMBERLAIN; CONNIE CARTER; and
   PEGGY REARDON

**ORIGINAL**



FILED
CLERK, U.S. DISTRICT COURT
JAN 25 2007
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN OBRAY,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, A Delaware Corporation; FEDERAL EXPRESS CORPORATION, doing business as FEDEX EXPRESS; JOHN P. ROSELI; MICHAEL K. PIGORS; BRUCE CHAMBERLAIN; CONNIE CARTER; PEGGY REARDON; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No. CV 05-8786 R (TJx)<br><br>[~~PROPOSED~~] **ORDER DISMISSING PLAINTIFF'S SECOND CAUSE OF ACTION**<br><br>Complaint Filed: November 2, 2005<br>Date: January 8, 2007<br>Time: 10:00 a.m.<br><br>ENTERED<br>CLERK, U.S. DISTRICT COURT<br>JAN 26 2007<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY           DEPUTY |

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).



| | |
|---|---|
| 1 | CHRISTOPHER J. YOST, Bar No. 150785 |
|   | FEDERAL EXPRESS CORPORATION |
| 2 | 2601 Main Street |
|   | Suite 1100 |
| 3 | Irvine, California 92614 |
|   | Telephone: (949) 862-4558 |
| 4 | Facsimile: (949) 862-4791 |

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: (310) 553-0308
Facsimile: (310) 553-5583

Attorneys for Defendants
FEDERAL EXPRESS CORPORATION;
FEDERAL EXPRESS CORPORATION,
D/B/A FEDEX EXPRESS; JOHN P.
ROSELI; MICHAEL K. PIGORS; BRUCE
CHAMBERLAIN; CONNIE CARTER; and
PEGGY REARDON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KAREN OBRAY, | Case No. CV 05-8786 R (TJx) |
|---|---|
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S SECOND CAUSE OF ACTION** |
| v. | |
| FEDERAL EXPRESS CORPORATION, A Delaware Corporation; FEDERAL EXPRESS CORPORATION, doing business as FEDEX EXPRESS; JOHN P. ROSELI; MICHAEL K. PIGORS; BRUCE CHAMBERLAIN; CONNIE CARTER; PEGGY REARDON; AND DOES 1 THROUGH 50, INCLUSIVE, | Complaint Filed: November 2, 2005<br>Date: January 8, 2007<br>Time: 10:00 a.m. |
| Defendants. | |

2

On December 5, 2006, the United States Court of Appeals for the Ninth Circuit issued an Order denying Plaintiff/Petitioner's Writ of Mandamus. In that Order, the Ninth Circuit noted that Plaintiff/Petitioner's "second cause of action remains pending in the District Court."

On December 8, 2006, this Court set a status conference as to Plaintiff's second cause of action for January 8, 2007 at 10:00 a.m. On January 8, 2007 at 10:00 a.m. in Courtroom 8 of the above-captioned Court, Plaintiff failed to appear to prosecute her remaining cause of action. This Court notes that on July 17, 2006, at 10:00 a.m., in Courtroom 8, Plaintiff also failed to make an appearance at the hearing which she set for her own: (A) Request for Court to Indicate Whether it Will Entertain and Grant a Rule 60(b) Motion; and (B) Rule 60(b) Motion and Motion for Relief from Order (DKT##43-45). Plaintiff failed to contact the Court or opposing counsel prior to either the January 8, 2007 status conference or the July 17, 2006 hearing to advise either that she would not make an appearance. Further, Plaintiff failed to contact the Court or opposing counsel afterwards to explain her absence. Plaintiff's repeated failures to attend court dates even on calendar dates set by her own motion is unreasonable, unnecessarily clogs this Court's calendar, and wastes the Court's and the Defendant's resources. Plaintiff has the responsibility to move her case toward disposition on the merits but her conduct has impeded progress in that direction. Based on Plaintiff's repeated failures to prosecute her claims by making Court appearances, less drastic alternatives than dismissal are unwarranted.

In addition, Plaintiff's Second Cause of Action is barred as she failed to timely exhaust her administrative remedies. Both at the February 6, 2006 hearing on Defendants' Motion to Dismiss (Dkt #5) and at the January 8, 2007 status conference, Defendants argued that Plaintiff's Second Cause of Action was barred as Plaintiff had failed to timely exhaust her administrative remedies prior to

3

bringing said cause of action. Under California Labor Code Section 2699.5, before an aggrieved person can pursue relief under Labor Code Section 226.7(b) -- the basis of recovery under Plaintiff's Second Cause of Action -- she must first exhaust her administrative remedies, which Plaintiff has failed to do here. Absent such exhaustion, there is no private right of action under Labor Code Section 226.7(b) for an employee to recover damages or penalties. Section 226.7 itself does not provide for a private cause of action and, instead, it is the California Division of Labor Standards Enforcement that is vested with the enforcement authority for wage-and-hour provisions of the Labor Code (Labor Code § 95) and the right to submit claims to the Labor Commissioner. Labor Code §98(a). Moreover, the payment provided for under §226.7 is a "penalty" and not "wages" and, therefore, it is covered by the one-year statute of limitations set forth in California Code of Civil Procedure § 340. Thus, any claim by Plaintiff under Labor Code Section 226.7(b) following exhaustion of administrative remedies would be time-barred.

. The Court, having heard and considered the arguments of counsel, noting Plaintiff's repeated failures to appear and prosecute her case, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Second Cause of action in Plaintiff's Complaint be, and hereby is, DISMISSED, without leave to amend, on the grounds set forth above.

**IT IS SO ORDERED.**

DATED: Jan. 25, 2007

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4

Dated: January 16, 2007

Respectfully submitted,

By: /s/
Christopher J. Yost, Bar No. 150785
Managing Director of Litigation
2601 Main Street, Suite 340
Irvine, CA 92614
949-862-4558 (Telephone)
949-862-4605 (Fax)
Attorney for Defendants

## CERTIFICATE OF SERVICE

I declare that I am employed with the Legal Department of Federal Express Corporation, whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on January 16, 2007, I served a copy of:

**[PROPOSED] ORDER DISMISSING THE SECOND AND ONLY REMAINING CAUSES OF ACTION IN PLAINTIFF'S COMPLAINT**

☒ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, addressed as follows, for collection and mailing at Federal Express Legal Department, 2601 Main Street, Suite 340, Irvine, California 92614 in accordance with Federal Express Legal Department's ordinary business practices.

I am readily familiar with Federal Express Legal Department's practice for collection and processing of correspondence for mailing with the United States Postal Service, and know that in the ordinary course of Federal Express Legal Department's business practice the document(s) described above will be deposited with the United States Postal Service on the same date that it (they) is (are) placed at Federal Express Legal Department with postage thereon fully prepaid for collection and mailing.

☐ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope with delivery fees provided for, addressed as follows, for collection by Federal Express Overnight, at 2601 Main Street, Suite 340, Irvine, California 92614 in accordance with Federal Express Legal Department's ordinary business practices.

I am readily familiar with Federal Express Legal Department's practice for collection and processing of correspondence for overnight delivery and know that in the ordinary course of Federal Express Legal Department's business practice the document(s) described above will be deposited in a box or other facility regularly maintained by Federal Express Overnight or delivered to an authorized courier or driver authorized by Federal Express to receive documents on the same date that it (they) is are placed at Federal Express Legal Department's for collection.

☐ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)(2)(a)]** by electronically mailing a true and correct copy through Federal Express Legal Department's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

**Nicholas W. Hornberger, Esq.**
**Hornberger & Brewer, LLP**
**444 South Flower Street**
**Suite 3010**
**Los Angeles, CA 90071**
**213-448-1655**

I declare under penalty of perjury that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at Irvine, California, this 16th day of January, 2007.

Renee K. Aven
(typed)                    (signature)

7